## FLOYD *v.* JOHNSON.

HILL, J.  1. Where a common-law judgment was obtained against a defendant for the principal, interest, and attorney's fees due on three promissory notes, one of which showed on its face that it bore an usurious rate of interest, and the other two notes called for a legal rate of interest, and all the notes contained a waiver of homestead by the maker, the waiver in the usurious note is void; but the waiver in the other two notes is valid, and a judgment based on all three notes for the full amount due thereon can be enforced only for the amount due on the two notes which call for a legal rate of interest, and which contain valid waivers, against property of the defendant set aside to him as an exemption in a court of bankruptcy.

2. The act establishing the city court of Americus (Acts 1900, pp. 93-97) empowers the judge of that court to hear and determine all civil cases of which the court has jurisdiction, "and to give judgment and issue execution thereon." Accordingly, where suit is brought in such court against the maker on three unconditional promissory notes, to which no defense is filed, a judgment rendered and signed by such judge in favor of the plaintiff against the defendant is not invalid because the names of the plaintiff's attorneys are also affixed thereto in typewriting and are not manually signed by them. There is no necessity for the attorneys to sign the judgment, and their doing so in any form would be mere surplusage. Civil Code (1910), § 6516.

53

3. H. R. Johnson, plaintiff in a common-law execution, filed an equitable petition against Allen Floyd, defendant in execution, alleging, that the defendant had been adjudicated a bankrupt, that in the bankruptcy proceedings certain personal property had been set aside to him as an exemption, and that the property so set apart was subject to the plaintiff's judgment, because of waivers of exemption. The prayer was, for injunction to prevent the defendant from taking charge of or disposing of the property, and for the appointment of a receiver to take charge thereof. A restraining order was granted by the court and a temporary receiver named. Subsequently, the plaintiff filed a supplemental petition, making G. W. Nunn a party defendant, in which it was alleged, that, since the granting of the restraining order on the main petition, the plaintiff had learned that Floyd had made a bill of sale to Nunn, purporting to convey all the property so set apart; that the alleged sale was not made in good faith, but was for the purpose of hindering and delaying the creditors of Floyd, and particularly for the purpose of hindering and delaying the enforcement of plaintiff's judgment lien against the property, and to enable Nunn to secure possession of the property from the trustee in bankruptcy so that it might be placed beyond the reach of plaintiff's lien and the orders of the court, the property being of such a character that this could readily be done. It appears that the bill of sale attacked bears date two days prior to the date the restraining order was granted. The court passed an order on this supplemental petition, making Nunn a party defendant, and restraining him from taking charge of or disposing of the property set apart. On the hearing of the case, under the evidence introduced the court granted a temporary injunction and made permanent the appointment of the receiver; and this order is excepted to. *Held*, that, under the facts of this case, it was not error to grant an injunction and appoint a receiver.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*

DECEMBER 17, 1914.

Injunction and receiver. Before Judge Littlejohn. Sumter superior court. February 6, 1914.

*R. L. Maynard,* for plaintiff in error.
*Ellis, Webb & Ellis,* contra.